IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LATANYA BLAIR                                                                                                    PLAINTIFF

VS.                                              CASE NO. 4:06-CV-4099

OFFICER VAN METER and
OFFICER KEVIN BOUNDS,
in their individual and official
capacities                                                                                                     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

On November 8, 2006, Plaintiff LaTanya Blair filed the present lawsuit against Officer John Van Meter and Officer Kevin Bounds, asserting claims against each officer in his individual and official capacities. Now before the Court is a Motion For Partial Summary Judgment on Behalf of Each Separately Named Defendant in his Official Capacity. (Doc. 11). Plaintiff has responded, opposing the motion as to Officer Van Meter. (Doc. 18). Plaintiff does not oppose the Motion for Partial Summary Judgment as to Officer Bounds. Subsequently, a second Motion for Summary Judgment was filed on behalf of Officer Van Meter and Officer Bounds, seeking dismissal of Plaintiff's claims against each officer in both official and individual capacities. (Doc. 25). Plaintiff has responded in complete opposition to the second Motion for Summary Judgment. (Doc. 33). Both motions are now before the Court and ripe for consideration.

**I. BACKGROUND**

This civil rights lawsuit, brought pursuant to 42 U.S.C. § 1983, arises out of the November 18, 2004 arrest of Plaintiff LaTanya Blair by Officer John Van Meter and Officer Kevin Bounds. Returning to her home that evening, Plaintiff pulled inside the fence surrounding her house and noticed Officer Van Meter in his police squad car parked next to her house. Officer Van Meter had previously

ticketed and arrested Plaintiff for criminal trespass, following an altercation she had with her sister. After seeing Officer Van Meter, Plaintiff exited her car, but then immediately got back in before exiting a second time. Officer Van Meter then approached Plaintiff's car and told Plaintiff that there was a problem with her car's tail lights. Officer Van Meter asked Plaintiff for her driver's license, and informed her that he was calling for backup. Plaintiff assumed Officer Van Meter already had all of her personal information, having issued her a citation only a few months previous, and she did not provide Officer Van Meter with her driver's license upon request.

    While Officer Van Meter was waiting for his backup to arrive, Plaintiff exited her car and began walking towards her front door. Plaintiff then heard Officer Van Meter loudly scream her first name. Plaintiff testified at her deposition that Officer Van Meter then ran up to her and kicked her "so hard it almost knocked me down." (Doc. 12-2, pg. 7). According to Plaintiff, Officer Van Meter then told her to lay on the ground, which she did, and then jumped on top of her and "started beating [her] in the head." While Officer Van Meter was in the process of handcuffing Plaintiff, Officer Bounds arrived at the scene. Officer Bounds quickly came to assist Officer Van Meter, and Plaintiff alleges that Officer Bounds then "jumped on Plaintiff injuring her left shoulder." (Doc. 1, pg. 2). Having physically restrained Plaintiff, the two officers handcuffed her with two sets of handcuffs. As the Officer picked her up off the ground, they noticed that something was wrong with Plaintiff's leg, and that she was complaining of pain. Plaintiff alleges that the officers forcefully pulled her up by her arms, causing further pain. Plaintiff denies resisting arrest in any way. In any event, after Plaintiff had been handcuffed, the officers sat her in a lawn chair and called for an ambulance.

    As a result of the injuries Plaintiff sustained during her arrest, she was taken to the emergency room at Wadley Health System in Texarkana. In her complaint, Plaintiff alleges that she has suffered

chronic and severe pain in her leg, causing mental anguish and past and future medical expenses. Plaintiff brings this suit against Officer Van Meter and Officer Bounds pursuant to 42 U.S.C. § 1983, alleging that the officers used excessive force against her. The matter is now before the Court on each officer's official-capacity motion for summary judgment.

## II. SUMMARY JUDGMENT STANDARD

The standard of review for summary judgment is well established. The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); *Krenik v. County of LeSueur,* 47 F.3d 953 (8th Cir. 1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial–whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.,* 447 U.S. 242, 250 (1986). *See also Agristor Leasing v. Farrow,* 826 F.2d 732 (8th Cir. 1987); *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-Management Pension Fund,* 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank,* 92 F.3d

3

743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of LeSueur,* 47 F.3d at 957.  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 256.

### III. DISCUSSION

As noted above, Plaintiff does not contest the official capacity Motion for Summary Judgment with regard to Officer Bounds.  As a result, summary judgment will be entered in favor of Officer Bounds on Plaintiff's official capacity claim.  The Court's analysis will cover the individual capacity claims against Officer Bounds and official and individual capacity claims against Officer Van Meter.

A) Official Capacity Claims Against Officer Van Meter

It is well settled that a suit against a governmental actor in his official capacity is treated as a suit against the governmental entity itself.  *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991)(citing *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)). A governmental entity cannot be held vicariously liable for its agent's acts under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Rather, a plaintiff must identify a governmental "policy or custom that caused Plaintiff's injury" to recover from a governmental entity under § 1983.  *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).  A governmental policy "involves a deliberate choice to follow a course of action ... made from among various alternatives by an official who has the final authority to

4

establish governmental policy." *Doe v. Special Sch. Dist.*, 901 F.2d 642, 645 (8th Cir. 1990). On the other hand, a governmental custom involves "a pattern of 'persistent and widespread' ... practices which bec[o]me so 'permanent and well settled' as to have the effect and force of law." *Id*. at 646 (quoting *Monell*, 436 U.S. at 691). *Monell* and its progeny require a link between the policy or custom and the plaintiff's injury: "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under 1983." 436 U.S. at 694.

In moving for summary judgment, Defendants rely on the Texarkana Police Department's Use of Force Policy and Use of Force Continuum, which outline standards for the reasonable use of force in proportion to the threat faced and prohibit the use of excessive force at all times. (Doc. 12, pgs. 9-11). The Court finds this reliance misplaced. Instead, the key inquiry in this case is whether Department custom had become sufficiently "persistent and widespread" and "permanent and settled' as to have the effect and force of law." *Doe v. Special Sch. Dist.*, 901 F.2d at 646 (quoting *Monell*, 436 U.S. at 691). On this point, Plaintiff has presented summary judgment evidence showing that Officer Van Meter has a history of disciplinary problems, including a suspension for being at fault in a collision involving his patrol vehicle, (Doc. 33-2); another suspension for firing at a deer during a Bi-State Narcotics Task Force mission and for carrying an unapproved firearm, (Doc. 33-3); a written reprimand for two incidents of sleeping during training at the Arkansas Law Enforcement Training Academy, (Doc. 33-4); a suspension for failure to properly use his in-car video camera, (Doc. 33-5); and a suspension for driving both in an "extremely dangerous" manner and under the influence of alcohol, (Doc. 33-6). In addition, Plaintiff has presented evidence showing that Officer Van Meter missed 22 hours of training, (Doc. 33-7) and was previously arrested for disorderly conduct. (Doc.

5

33-8). Plaintiff also highlights the fact that Officer Van Meter failed to use his in-car video camera system in the arrest forming the basis of this lawsuit, giving a previous disciplinary problem added relevance to the matter at hand. In light of the summary judgment record before the Court, and particularly given the numerous personal conduct and disciplinary problems in Officer Van Meter's file, the Court is satisfied that genuine issues of material fact exist with respect to the official capacity claim against Officer Van Meter, and his motion for partial summary judgment should be denied.

B) Individual Capacity Claims against Officer Bounds and Officer Van Meter

Plaintiff's individual capacity claims against Officer Bounds and Officer Van Meter require the Court to consider whether the Officers are entitled to qualified immunity. Qualified immunity is not simply a defense to liability–it constitutes immunity from suit. *Hanig v. Lee*, 415 F.3d 822, 824 (8th Cir. 2005)(citing *Saucier v. Katz*, 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). In analyzing qualified immunity, the Court often refers to *Harlow v. Fitzgerald*, which provides that "qualified immunity would be defeated if an officer or official '*knew or reasonably should have known* that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff], *or* if he took the action *with the malicious intention* to cause a deprivation of constitutional rights or other injury.'" 457 U.S. 800, 814, 102 S.Ct. 2727, 73 L.Ed. 396 (1982)(emphasis in original). Viewing the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the Plaintiff, as the Court must at this stage, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 587, the Court cannot conclude that Officer Bounds' and Officer Van Meter's conduct did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. at 818 (*citing Procunier v. Navarette*, 434 U.S. 555, 565, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978)); *Hope*

6

*v. Pelzer*, 536 U.S. 730, 741, 122 U.S. 2508, 153 L.Ed.2d 666 (2002)(providing that the "'salient question ... is whether the state of the law' gave the officials 'fair warning that their alleged [conduct] was unconstitutional'"); *Shockency v. Ramsey County*, 493 F.3d 941, 947 (8th Cir. 2007); *Brockinton v. City of Sherwood, Arkansas*, 503 F.3d 667, 671-72 (8th Cir. 2007). Accordingly, neither Officer Bounds nor Officer Van Meter is entitled to qualified immunity, and genuine issues of material fact are present with regard to whether either or both Officer used excessive force in effectuating the arrest of Plaintiff Latanya Blair. As such, summary judgment under Fed. R. Civ. P. 56 is inappropriate and Defendants' second Motion for Summary Judgment is denied.

### IV. CONCLUSION

For the reasons discussed herein and above, the Motion for Partial Summary Judgment should be and hereby is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted with regard to Officer Bounds. Plaintiff's official capacity claims against Officer Bounds are hereby **DISMISSED WITH PREJUDICE**. The Motion for Partial Summary Judgment is **DENIED** with regard to Officer Van Meter.

For the same reasons, Defendants' second Motion for Summary Judgment should be and hereby is **DENIED**. The result is that Plaintiff's individual capacity claims against Officer Bounds and her official and individual capacity claims against Officer Van Meter will proceed to trial.

**IT IS SO ORDERED**, this 18th day of September, 2008.

                                          /s/Harry F. Barnes
                                         Hon. Harry F. Barnes
                                         United States District Judge